### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HECTOR E. COLON RODRIGUEZ, et al. | * * * |
| Plaintiffs | * * |
| v. | *   Civil No. 02-1949(SEC) |
| CARLOS D. LOPEZ BONILLA, et al. | * * * |
| Defendants | * |

**********************************

### OPINION AND ORDER

Defendants, the prevailing party in the instant civil action, have filed a motion requesting attorneys' fees (Docket # 117). Plaintiffs have opposed said request (Docket # 122). After carefully reviewing the parties' filings as well as the applicable law, for the reasons set herein, Defendants request is **DENIED**.

**Applicable Law and Analysis**

In Section 1983 cases such as the instant one, 42 U.S.C. § 1988(b) governs an award of attorneys' fees. Section 1988(b) states that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Notwithstanding the foregoing, "[i]n civil rights cases, fee-shifting in favor of a prevailing plaintiff is the rule, whereas fee-shifting in favor of a prevailing defendant is the exception." Casa Marie Hogar Geriátrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994). In order to be entitled to a fee award, the defendants in a civil rights action must establish "that the plaintiffs' suit was totally unfounded, frivolous, or otherwise unreasonable." Id. (citations omitted). In making this determination, "the court must assess the claim at the time the complaint was filed, and must avoid the post-hoc reasoning that, because the plaintiff did not ultimately prevail, the claim must have been frivolous, unreasonable or without foundation." Tang v. State of Rhode Island, 163 F.3d 7, 13 (1st Cir. 1998)(citation omitted). Thus, "[p]revalining defendants, under this heightened standard, have a more difficult showing to make to obtain attorney's fees than do successful plaintiffs."

**Civil No. 02-1949(SEC)**
_____

Bercovitch v. Baldwin Sch., Inc., 191 F.3d 8, 10 (1st Cir. 1999).

The brunt of Plaintiffs' instant case – the political discrimination claim – caved in, not because of the frivolity of their allegations, but because of their failure to present evidentiary support and meet their burden in opposing Defendants' motion for summary judgment. The same is true as to the due process, free speech, and equal protection claims, which, though ultimately failed, were not frivolous. Any conclusion to the contrary would be mere speculation and tarnished by hindsight bias. As cautioned by the Supreme Court, "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412 (1978). Indeed, even Defendants did not construe Plaintiffs' case as patently frivolous as they did not request dismissal on the merits at the early stages of the case and instead incurred substantial costs through discovery and ultimately filed a motion for summary judgment.

With respect to the corporate Plaintiffs against whom Defendants have also requested attorneys' fees, the Court determined that they lacked standing to sue and dismissed their claims. Defendants dedicated two and a half pages of their seventeen-page summary judgment motion to this request. As clear from the complaint, given that the main component of the case was Co-plaintiff Hector E. Colón-Rodríguez's claims, we will exercise our discretion and deny Defendants' petition for attorneys' fees. See Tang, 163 F.3d at 15 (stating that notwithstanding a finding of frivolity, "the district court still retains discretion to deny or reduce fee requests after considering all the nuances of a particular case").

Therefore, per the foregoing standing and lack of frivolity as to the thrust of Plaintiffs' case, we will exercise our discretion and **DENY** Defendants' request for attorneys' fees. See Tancredi v. Metropolitan Ins. Co., 378 F.3d 220 (2d Cir. 2004)(holding that "the §1983 complaint, while meritless, did not justify an award of attorneys' fees"); Doe v. Methacton

**Civil No. 02-1949(SEC)**

_____

Sch. Dist., 920 F. Supp. 78, 80 (E.D. Pa. 1996)("That Plaintiffs were ultimately unable to create an issue of fact does not demonstrate that their claims were groundless.").

    **SO ORDERED.**
In San Juan, Puerto Rico, this 20th day of September, 2005.

                                              S/ *Salvador E. Casellas*
                                              SALVADOR E. CASELLAS
                                              U.S. Senior District Judge